## WHITE v. MARYLAND.

No. 600. Argued April 16, 1963.—Decided April 29, 1963.

*Fred E. Weisgal* argued the cause and filed a brief for petitioner.

*Robert F. Sweeney,* Assistant Attorney General of Maryland, argued the cause for respondent. With him on the brief was *Thomas B. Finan,* Attorney General of Maryland.

PER CURIAM.

Petitioner, who was sentenced to death while his co-defendant was given life, appealed to the Maryland Court of Appeals which affirmed his conviction. 227 Md. 615, 177 A. 2d 877. We granted certiorari "limited to the point of law raised in *Hamilton* v. *Alabama,* 368 U. S. 52." See 371 U. S. 909.

Petitioner was arrested on May 27, 1960, and brought before a magistrate on May 31, 1960, for a preliminary hearing. But that hearing was postponed and not actually held until August 9, 1960. At that time petitioner was not yet represented by a lawyer. When arraigned at that preliminary hearing he pleaded guilty. What Mary-

land calls the "arraignment" was first held September 8, 1960; but since petitioner was not represented by counsel, his arraignment was postponed and counsel appointed for him on September 9, 1960. He was finally arraigned on November 25, 1960, and entered pleas of "not guilty" and "not guilty by reason of insanity." At his trial the plea of guilty made at the preliminary hearing on August 9, 1960, was introduced in evidence.* Since he did not have counsel at the time of the preliminary hearing, he argued that *Hamilton* v. *Alabama, supra,* applied. The Court of Appeals disagreed, saying that arraignment in Alabama is "a critical stage in a criminal proceeding" where rights are preserved or lost (368 U. S. 53–54), while under Maryland law there was "no requirement (nor any practical possibility under our present criminal procedure) to appoint counsel" for petitioner at the "preliminary hearing . . . nor was it necessary for appellant to enter a plea at that time." 227 Md., at 625, 177 A. 2d, at 882.

Whatever may be the normal function of the "preliminary hearing" under Maryland law, it was in this case as "critical" a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

We repeat what we said in *Hamilton* v. *Alabama, supra,* at 55, that we do not stop to determine whether prejudice resulted: "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." We therefore hold that *Hamilton* v. *Alabama* governs and that the judgment below must be and is

*Reversed.*

---

*Although petitioner did not object to the introduction of this evidence at the trial (227 Md., at 619–620, 177 A. 2d, at 879), the rationale of *Hamilton* v. *Alabama, supra,* does not rest, as we shall see, on a showing of prejudice.