STATE EX REL. HAROLD F. AHLSTRAND v. RALPH TAHASH.

123 N. W. (2d) 325.

August 2, 1963—No. 38,909.

*Harold F. Ahlstrand,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

PER CURIAM.

Appeal from an order of the District Court of Washington County denying a petition for a writ of habeas corpus.

Relator was charged in St. Louis County with the crime of robbery in the first degree.[1] He was brought before the district court on June 20, 1960, for the sole purpose of having bail fixed and to determine whether he was an indigent eligible for court-appointed counsel.

On his second appearance, June 30, 1960, relator was represented by counsel. An amended information was then read charging him with robbery in the second degree, to which he pled guilty.[2] Although he had three prior felony convictions, he was not arraigned as a habitual offender. The court sentenced him to the State Penitentiary for an indeterminate term of 2 to 15 years.

It is now relator's contention that the June 20, 1960, appearance constituted an arraignment and that he was denied his constitutional right to counsel at that hearing.[3] However, our statute defines an arraignment as the appearance at which defendant is formally charged, furnished a copy of the indictment or information, and required to enter a plea.[4] None of these

---

[1] Minn. St. 619.42.

[2] § 619.43.

[3] Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114; White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193.

[4] § 630.11 provides: "The arraignment shall be made by the court, or by the clerk or county attorney under its direction, and shall consist in reading the indictment to the defendant, and delivering to him a copy thereof and of the endorsement thereon, including the list of witnesses endorsed on it or appended thereto, and asking him whether he pleads guilty or not guilty to

steps was taken at the June 20 hearing. The arraignment did occur on June 30, and he was there represented by counsel, who presumably was instrumental in securing a reduction of the sentence from a possible life term[5] to a maximum of 15 years.

We therefore hold that the June 20 hearing did not constitute an arraignment and that relator was not deprived of his constitutional right to counsel in these proceedings.

Affirmed.

---

the indictment; provided, if the defendant waives the reading of the indictment, it need not be read to him."

[5] § 610.29.