ESTEBAN SOTO RAMOS, Petitioner, *v.* MANUEL RÍOS ALBA-RRÁN, SUPERINTENDENT, ETC., Respondent.

No. HC-64-7.      Decided June 26, 1964.

712

*Santos P. Amadeo, Miguel A. Ferrer Rodríguez,* and *Julio Fernández Cabrera* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Rodolfo. Cruz Contreras, Deputy Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

Mr. Justice Santana Becerra delivered the opinion of the Court.

The petition for habeas corpus in this case urges reversal of our decision in *Rivera* v. *Warden,* 80 P.R.R. 800. It invokes as ground the decision of the Supreme Court of the United States rendered in the case of *White* v. *Maryland,* 373 U.S. 59.

It is alleged in the petition for habeas corpus that petitioner is in prison serving felony sentences rendered by the Mayagüez Part of the Superior Court and that such sentences were affirmed by this Court.[1]

The petition for habeas corpus alleges: (1) that at the trial the district attorney used as evidence a confession

---

[1] The sentences of from 15 to 20 years' imprisonment in the penitentiary for murder in the second degree and of from one to three years' imprisonment in the penitentiary for violation of the Weapons Law, and six months in jail for violation of this Act, rendered on February 1, 1951, were affirmed by this Court by judgments, without opinion, rendered March 28, 1960 in cases Nos. 16,508–10.

obtained from him without advising him of his constitutional right to assistance of counsel prior to interrogation and in the course of the examination by the district attorney; (2) the petition for habeas corpus further alleges that the district attorney wrung that confession from petitioner while the latter was seriously ill from a bullet wound in an ear and confined in the municipal hospital of Cabo Rojo, in a semiconscious state, bleeding profusely from the wound and experiencing severe physical pain.

The question presented in the first cause of action was decided by this Court adversely to petitioner in *Rivera* v. *Warden, supra,* where the problem of assistance of counsel in stages prior to the trial and in the course of an investigation by the district attorney was analyzed both in the light of our positive law and of the constitutional guarantees of the due process of law.[2] Petitioner maintains, however, that we should overrule the case of *Rivera* relying on the decision in *White* v. *Maryland,* of April 29, 1963, 373 U.S. 59.

■ We find nothing in this case which alters or invalidates constitutionally that of *Rivera.* This case involved a *plea of guilty* entered without aid of counsel in the course of a *preliminary hearing* before a magistrate, which *plea of guilty* was afterwards used in the trial. The Supreme Court of the United States held that, as in *Hamilton* v. *Alabama,* 368 U.S. 52, it was a stage in the *Maryland* case as critical or dangerous as was the *Alabama* arraignment and reversed the ruling. In *Hamilton* v. *Alabama, supra,* it was held that arraignment in that state was a critical or dangerous stage of the criminal proceeding because only then may an accused raise certain defenses, among them, that of insanity, and challenge the information on the basis of the systematic exclusion of members of one race from the grand

---

[2] Affirmed in *Escuté* v. *Delgado,* 282 F.2d 335 (1st cir.). The Supreme Court of the United States refused to review, 365 U.S. 883.

jury or on the ground that the grand jury was improperly drawn. It was held that the absence of counsel at the time of arraignment deprived the accused of the due process of law under the Fourteenth Amendment.

■■ This Court has maintained a pace of advancement, not excelled by anyone, in the matter of the right of defendants to assistance of counsel. Even when *Powell* v. *Alabama*, 287 U.S. 45 (1932), limited its expression to cases of capital or very serious offenses, this Court has recognized that right as to every offense, even the slightest ones. It may be said that it was almost yesterday when the Supreme Court of the United States in *Gideon* v. *Wainwright*, 372 U.S. 335, decided March 18, 1963, overruled its decision in *Betts* v. *Brady*, rendered and in force since 1942, in which it had been established that constitutionally a state was not bound to provide legal aid *at the trial* to an accused, at all times and under any circumstance.[3] This Court has guaranteed the right to assistance of counsel at any time during the criminal prosecution, including the arraignment, before the decision in *Hamilton*, and it provides that assistance on appeal even before the decision in *Douglas*.[4]

■ Although we did not recognize to an accused, as a question of positive law or as a constitutional question, the right to assistance of counsel in stages prior to his prosecution nor in the stage of the investigation by the district attorney, it was clearly laid down in *Rivera* that if the absence of attorney in a stage prior to his prosecution created such a situation which, if transferred to the trial, prevented a fair and impartial prosecution, the conviction should not stand. We must point out that nowadays, and by reason of the new Rules of Criminal Procedure of 1963, an accused has the right to obtain legal aid in those stages prior to his

---

[3] See footnote 14 in *Rivera*, 80 P.R.R. at 819.

[4] *Douglas* v. *California*, 372 U.S. 353.

prosecution and from the time of his arrest. Rules 4, 22 and 23.

Petitioner invoked the fact that the Supreme Court of the United States had issued a writ of certiorari in the case of *Escobedo* v. *Illinois,* 375 U.S. 902, as an additional ground for reversal of *Rivera,* anticipating, as petitioner seemingly anticipated, that the Supreme Court of the United States would overrule the cases of *Crooker* v. *California,* 357 U.S. 433, and *Cicenia* v. *LaGay,* 357 U.S. 504, on which we relied in part in deciding that of *Rivera.* We have read the decision of the Supreme Court of Illinois in *Escobedo,* 190 N.E.2d 825, and although it would not be our function to pass on the legality of that decision, we note that there are present several elements which could affect the validity of the confession and of the conviction, apart from the fact that under the Illinois law the accused had the right in the stage of making his confession to assistance of counsel and that he had requested it.

In fact, the *Escobedo* case has just been decided by the Supreme Court of the United States on June 22, 32 U.S.L. Week 4605, 378 U.S. 478, and the Illinois conviction was set aside. From the opinion of the Court there appear clearly the details, facts and circumstances surrounding the confession obtained by the police from the accused, with elements of deceit of the authorities and of promises made, the accused having been further denied, during interrogation and while in quest of his confession which was later used in the prosecution, the assistance of counsel to which he was entitled under the state law and which he had requested.

However, referring specifically to the case of *Crooker* v. *California,* and applying it also to that of *Cicenia* v. *LaGay, supra,* the Supreme Court said:

"*Crooker* v. *California,* 357 U.S. 433, does not compel a contrary result. In that case the Court merely rejected the *absolute* [italics ours] rule sought by petitioner that 'every

state denial of a request to contact counsel [is] an infringement of the constitutional right *without regard to the circumstances of the case.' Id.,* at 440. [Emphasis in original.] In its place, the following rule was announced:" (Copy follows from the text of *Crooker,* pp. 439–40.)

The Court further states the difference between the facts and circumstances of *Crooker* and those of *Escobedo* which it had under consideration.

It is correct that in footnote 15 of the decision of *Escobedo* it is said that the authority of *Crooker* and *Cicenia* was weakened by the subsequent decisions in *Hamilton* v. *Alabama, White* v. *Maryland,* and *Massiah* v. *United States,* 377 U.S. 201 (32 U.S.L. Week 4389). We already said that for many years this Court has guaranteed the right to assistance of counsel in the arraignment—*Hamilton.* We have not had preliminary hearing prior hereto, but the Rules guarantee that right at those hearings and from the moment of the arrest—*White*—and *Massiah* involves the taking of a confession without the assistance of counsel after the filing of the informations, that is, after the accused is already under the judicial power for trial.

■ The decision of *Escobedo,* made in the light of the facts and circumstances of that case, does not bind us constitutionally to overrule *Rivera* under the general criterion that every confession obtained extrajudicially without assistance of counsel invalidates the prosecution in which it was used, independently of the circumstances in which such confession was obtain or given.[5]

---

[5] The Rules of Criminal Procedure in force at present grant the right to assistance of counsel in stages prior to the criminal trial. However, since it is likely that the investigating authorities or the district attorney may obtain or attempt to obtain the confession of a suspect even before a complaint is filed before the magistrate in order to procure a warrant of arrest—Rules 4 and 5—it is well to mention the following criteria of the Supreme Court stated in *Escobedo* to the effect that: where, as here, the investigation is no longer a general inquiry into an unsolved crime but has

■ As to the case before us, we issued this writ of habeas corpus rather for the reasons alleged in the second contention which impresses the petition with the characteristics of a petition of *coram nobis*. We issued the writ on the allegation that the confession which was afterwards used in his criminal *prosecution* had been obtained from petitioner while he was seriously injured by a bullet wound in the head, confined in a hospital in a semiconscious state, bleeding profusely from the wound, and experiencing severe physical pain. That is why in issuing the writ we said that the petitioner should adduce the evidence necessary to establish satisfactorily those facts.

The Solicitor General, in answering the petition, has acquiesced in the issuance of the writ, the annulment of the sentences, and the ordering of a new trial. Said the Solicitor General:

"Notwithstanding the foregoing, the Solicitor General is of the opinion that the circumstances disclosed by the study of the facts in this case are of such nature as to place the same under the doctrine announced in *Crooker* v. *California*, 357 U.S. 433 (1958), and which was analyzed in *Rivera* v. *Warden*,

---

begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogation that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his "absolute" constitutional right to remain silent, the accused has been denied the assistance of counsel, and no statement thus obtained may be used against him by the State at a criminal trial. See our Constitution, Bill of Rights, art. II, §§ 7 and 11.

And even though it says that nothing in the opinion in *Escobedo* affects the powers of the police to investigate an "unsolved crime" by gathering information from witnesses and by "other proper investigative efforts," the Supreme Court ends by saying that when the process shifts from investigatory to accusatory, when its focus is on the accused, and its purpose is to elicit a confession, our adversary system begins to operate, and under circumstances such as those in that case (*Escobedo*) the accused must be permitted to consult with his lawyer. It seems that our investigating authorities and the district attorney should be conscious of the foregoing criteria of the Supreme Court which could serve as guideposts to this Court if similar situations should arise.

*supra.* The following citation from *Crooker* was made in this case:

> " 'Under these principles, *state refusal of a request to engage counsel* violates due process not only if the accused is deprived of counsel at trial on the merits, *Chandler* v. *Fretag, supra,* but also if he is deprived of counsel for any part of the pretrial proceedings, *provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of "that fundamental fairness essential to the very concept of justice."* [Citations.] The latter determination necessarily depends *upon all the circumstances of the case.* (Italics ours.)'
>
> "In our opinion, the confession without assistance of counsel under the surrounding circumstances of the present case created a situation of fundamental injustice which vitiated the trial subsequently held. *Cf. Rivera* v. *Warden, supra* at 825."

According to the decision in *Rivera,* and in view of the facts alleged by the Solicitor that the confession without assistance of counsel, under the aforesaid circumstances, created a situation of fundamental injustice which vitiated the trial which was subsequently held, which facts the Solicitor informed at the hearing of the case had been established by him after proper investigation, the petition for habeas corpus or *coram nobis* is granted and a new trial for petitioner is ordered.

Before closing this opinion we wish to reproduce the words pronounced in the course of the hearing by Mr. Justice Belaval, presiding:

"The Court wishes to signify its satisfaction for the highly professional attitude of the Office of the Solicitor General in this case, and we believe that this is the best way of administering justice in Puerto Rico. That every time an error is committed, two persons should hasten to solve it, the defense attorney and the district attorney."

The petitioner shall have a new trial.