THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RICHARD SAURA GÓMEZ, Defendant and Appellant.

No. CR-64-9.  Decided September 22, 1964.

Richard Saura Gómez, pro se. J. B. Fernández Badillo, Solicitor General, and Peter Ortiz, Assistant Solicitor General, for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Richard Saura Gómez, appellant herein, was convicted by a jury of (1) having in his possession and control the narcotic drug known as heroin, (2) concealing and transporting said drug, and (3) injecting into María Cristina Vega Morales the narcotic drug known as heroin. He was sentenced to serve from 5 to 10 years' imprisonment in the penitentiary on each count, to be served consecutively.

In the first assignment it is alleged that it was error to admit in evidence two droppers seized on defendants. This assignment is predicated on the fact that the arrest of defendants was illegal and that, therefore, the objects seized at the time of the arrest were not admissible in evidence.

The error was not committed. The uncontroverted evidence showed that police sergeant Amílcar Morales saw appellant Richard Saura Gómez injecting something into María Cristina Vega Morales; that he approached them and when Saura noticed his presence, he removed the dropper and threw it to the ground. The policeman picked it up and arrested him. María Cristina handed him another empty dropper. The liquid remaining in the dropper thrown by appellant Saura was positive heroin.

The constitutional guarantee against illegal searches and seizures does not cover the seizure of evidence which is abandoned or thrown by a person. *People* v. *González*, 83

P.R.R. 432 (1961); *People* v. *Del Valle*, 83 P.R.R. 439 (1961); *People* v. *Colón Colón*, 88 P.R.R. 182 (1963).

■ In the second assignment it is alleged that appellant was denied the right to assistance of counsel in the stage of the preliminary investigation. It does not appear from the record that appellant requested to confer with an attorney and that the authorities refused to do so. He did not testify, nor was evidence obtained to be used against him at the trial. Therefore, the case of *White* v. *Maryland*, 373 U.S. 59, is not applicable to the facts of this case. The error was not committed.

The third error assigned is as follows:

"Since his right to freely introduce his defense witness was restricted when the latter was coerced, intimidated, and threatened by the judge who presided at the hearing, instilling fear in her, all of which influenced the mentality of that witness who unquestionably, if she had been called to testify after such admonitions, would not have done it freely and spontaneously, but under the conditions in which the magistrate placed her after giving her warnings which are improper in the case of an impartial trial."

■ The witness whom the defense announced they were going to use was María Cristina Vega Morales, codefendant with appellant for the offenses of possessing and transporting narcotic drugs. Her trial was going to be held separately.

At the close of the district attorney's evidence, the attorney for appellant moved for leave to speak with María Cristina in the presence of the marshal. Thereupon the judge ordered the marshal to bring codefendant and gave her the following admonitions:

"María Cristina, the defense is interested in conferring with you. The court warns you that you may declare to the attorney whatever he may ask you; you do not have to, but you can do it. And you are warned that you, as codefendant, may take the witness stand, but anything which you may say may be

used against you. In other words, you are not bound to testify anything which may incriminate you. Did you understand me?"

After these admonitions the judge instructed the witness to answer the questions made to her by appellant's attorney. Thereupon the attorney said that he wished to speak with the attorney for the witness in order that the latter would advise her. The judge repeated his admonitions to the witness, stating further that he could not grant her immunity and that if she testified, she would do it at her own risk. The court then recessed.

When the trial was resumed the defense announced that he had no defense theory nor evidence to present. The reasons why appellant did not use María Cristina are not known. We cannot agree with the speculative argument that in view of the admonitions which the judge made to the witness, she would not testify freely and spontaneously. The witness was not coerced so she would not testify. On the contrary, we believe that the judge did his duty to advise the witness on the consequences of her testimony, since she was a codefendant and at that moment she was not assisted by counsel.

The error assigned was not committed.

■ The fourth assignment imputes prejudice to the trial judge for his actions during the trial. The assignment is without merit because (1) the magistrate did not err in giving the legal warnings to codefendant María Cristina when appellant sought to use her as a witness, (2) the judge was not under the duty to instruct the jury on illegal arrest, since such question was pertinent only for the purpose of determining whether the evidence seized was admissible, and we have already seen the circumstance under which such evidence was seized, (3) the imposition of consecutive sentences comes within the sound discretion of the trial judge, *People* v. *Carrión*, 86 P.R.R. 340 (1962), and

*People* v. *Figueroa*, decided September 5, 1962,* and in this case there was no abuse of discretion since, as correctly asserted by the Solicitor General, appellant herein "was caught as he was injecting a dose of heroin to a young girl, thereby encouraging and inducing her to initiate herself or to continue in the horrible drug vice. We need not stretch the imagination to realize that that class of individuals constitutes an actual and apparent danger to the welfare of our youth and society in general. This is not the case of a sick person, but of a person who encourages, participates in the propagation of a vice the vile effects of which to the morals, health, and welfare of the entire community are common knowledge." *Cf. People* v. *Martínez Ríos,* 89 P.R.R. 355 (1963), and (4) given the circumstances concurring in this case, the judge did not abuse his discretion in refusing to submit the case to the probation officer for the granting to appellant of the grace of a suspended sentence—*People* v. *Rivera,* 79 P.R.R. 831 (1957); *People* v. *Vélez,* 76 P.R.R. 135 (1954); *People* v. *Camacho,* 69 P.R.R. 332 (1948).

■ We have already disposed of the fifth assignment in holding that the judge did not err in refusing to instruct the jury on illegal arrest and inadmissibility of the evidence seized to appellant.

■■ The sixth and last error was not committed either. The testimony of Sergeant Hernández was believed, and we shall not disturb the findings of facts made by the jury. *People* v. *Iturrino de Jesús, ante,* p. 687. The contention that since there was only one transaction appellant could not be convicted of three offenses, was already decided against him in *People* v. *Martínez Ríos,* 89 P.R.R. 355 (1963). The ver-

---

* Compiler's Note: Judgment of the Court in cases CR-62-49, 50 and 51, affirming judgment of Superior Court, San Juan Part, convicting defendant, Ignacio Figueroa Rodríguez of violations of Narcotics Act.

dicts as to the possession and transportation of narcotic drugs are not contrary to the evidence either.

The judgments appealed will be affirmed.