Per Curiam.

Petitioner’s basic contention is that he was deprived of counsel at his preliminary hearing. He does not urge that the court refused to allow him to employ counsel but rather that the court refused to appoint counsel for him at the expense of the state. Petitioner entered a plea of not guilty at the preliminary hearing. He entered a plea of not guilty at his arraignment, and counsel was appointed to and did represent him at the expense of the state.
This case is completely dissimilar from that of White v. Maryland, 373 U. S., 59. In White, the accused, without the assistance of counsel, entered a plea of guilty at his preliminary hearing. Subsequently, after a change of plea to not guilty at his arraignment, such plea of guilty was introduced into evidence at his trial. Obviously, the accused in the White case was prejudiced. However, the petitioner in the instant case pleaded not guilty at his preliminary examination, and none of his rights were prejudiced by the preliminary examination.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.