Per Curiam.

Petitioner was arrested and originally charged with shooting with intent to kill. Between the time of his preliminary hearing and the consideration of his case by the grand jury, the victim died, and an indictment charging murder in the first degree was returned.
Petitioner’s sole contention is that he was denied the assistance of counsel during his interrogation after his arrest, at his preliminary hearing and at his original arraignment. He does not allege that he was prevented from calling counsel. In fact, the evidence shows that he talked to an attorney on the day of his arrest, which attorney refused to take his case. It is petitioner’s contention that he was deprived of his constitutional rights because the state failed to appoint counsel to represent him at that time. Petitioner does not allege that he made any statements during those preliminary proceedings. He pleaded not guilty both at his preliminary hearing and at his arraignment on April 7, 1958. Counsel was appointed to represent him well in advance of his trial, which commenced on June 23, 1958, and ended on June 28, 1958.
*94 In OMo, a preliminary hearing is not a critical step in criminal procedure. It is only an inquest to determine whether there is probable cause to bind an accused over to the grand jury for further investigation of the charges against him. The failure of the state to appoint counsel at this time does not affect the validity of a subsequent conviction. See United States, ex rel. Cooper, v. Reincke, 333 P. (2d), 608.
The cases of White v. Maryland, 373 U. S., 59, and Hamilton v. Alabama, 368 U. S., 52, do not compel a different conclusion. In both those cases it was held that the preliminary proceedings therein involved were critical stages in the criminal procedure of those states, and that the lack of an attorney could so prejudice the rights of an accused as to deny him a fair trial. In Ohio, the preliminary hearing is not such a critical step in our criminal procedure, as no rights or defenses are lost therein. Nor did the lack of counsel at his original arraignment prejudice petitioner. Petitioner pleaded not guilty at that time. As pointed out in Dean v. Maxwell, Warden, 174 Ohio St., 193, under Ohio law, once counsel is appointed for an indigent, even if after arraignment, such appointment places an accused in the same position as he was prior to the arraignment. After such appointment, the indictment may be attacked by motion or demurrer, and it would be an abuse of discretion to refuse to allow an accused to withdraw his former plea and enter a new plea thereto. See Dean v. Maxwell, supra, 195.

Petitioner remanded to custody.

Tart, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.