Fuld, J. (dissenting).
The defendant before us, it must be borne in mind, had been taken into custody on a warrant of arrest issued by a magistrate after the filing of an information charging him with the commission of crime. Consequently, when questioned by the police, he was not just a suspect in an investigation but an accused in a criminal prosecution held under court process to await trial.
I start with the hypothesis that, once a criminal proceeding has been instituted against an accused by the filing of an indictment or an information, be has the right to the aid of counsel (U. S. Const., 6th Amdt.; N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 8, 188, 308, 699) and, if he thereafter makes an incriminating statement to the police or other law enforcement officials in the absence of counsel, that statement may not be used against him. (See, e.g., People v. Meyer, 11 N Y 2d 162; People v. Waterman, 9 N Y 2d 561; People v. Di Biasi, 7 N Y 2d 544; People v. Santmyer, 20 A D 2d 960; People v. Wallace, 17 A D 2d 981; see, also, Escobedo v. Illinois, 378 U. S. 478, 490-491; Massiah v. United States, 377 U. S. 201.) The majority does not dispute this but concludes that in the present case the defendant waived his right to counsel. With this I cannot agree. As noted above, an accused is entitled to the assistance of an attorney before being.called upon to plot his course of action and, consequently, he should not be asked to surrender any rights he possesses, including his right to counsel, until he has been arraigned in court and there advised as to what his rights are or until he has, at least, consulted with a lawyer.
The question posed is not whether the police officer acts in good faith—I assume he does—when he asks the accused if he *281 wants a lawyer but, rather, whether the police are privileged to interrogate the accused or seek to have him make an incriminatory statement in the absence or without the consent of counsel and prior to appearance before a judicial officer empowered to appoint counsel. Where a person is taken into custody without a warrant, such questioning may well be justified as necessary for determining whether or not to charge him with crime. But, once an indictment or information is filed, and a warrant of arrest issued, further interrogation of the defendant is no longer justified by that purpose.
It may not be denied that, when the police interrogate him in pursuit of a confession or other inculpatory statement, they become, in a very real sense, his “ adversaries ”, allied with the prosecution, in an effort to support the charge already laid against him.[1] Under these circumstances, a relinquishment of the right to counsel is tantamount to an appearance pro se in an adversary proceeding, a course of action long regarded as so inimical to a defendant’s interests that the courts have consistently required the strictest safeguards against his having embarked upon it through ignorance, fear or mistake. (See People v. Witenski, 15 N Y 2d 392; People v. Banner, 5 N Y 2d 109; see, also, White v. Maryland, 373 U. S. 59; Carnley v. Cochran, 369 U. S. 506; Johnson v. Zerbst, 304 U. S. 458, 463.)
The risk that notice of the right to counsel in a case such as this will be ineffective may be minimized without impairing any legitimate interests of the law enforcement authorities by insulating a person against whom an indictment or information has been filed from the dangers of acting as his own attorney until after he has first been brought before a judicial officer. Indeed, the Legislature' has not been unmindful of the need to protect an accused from the consequences of an inadvertent waiver of counsel after a criminal prosecution has been commenced. Among the duties of a magistrate, defined in section 188 of the Code of Criminal Procedure, it is wisely provided (subds. 3, 6) that, “If [the accused] does not desire the aid of counsel, the magistrate must determine that he waived counsel having knowledge of the significance of his act” and that, even though he declines legal assistance, ‘ ‘ the magistrate must *282 assign counsel ” if he is “ not satisfied that [the accused] knows the significance of his act in waiving counsel (See, also, People v. Witenski, 15 N Y 2d 392, supra; People v. Banner, 5 N Y 2d 109, supra.) Only this procedure will furnish the requisite assurance that notice of the right to counsel is effective, as well as adequate, and that waiver of the right is both knowledgeable and deliberate.
It is my conclusion, therefore, that, once a person has actually had an indictment or information filed against him, his consent alone should not be deemed sufficient to authorize interrogation by the police prior to his appearance before a magistrate or other judicial officer with its attendant protections. The defendant’s confession should not have been received in evidence and, accordingly, I would reverse and grant a new trial.
Chief Judge Desmond and Judges Dye, Burke and Bergan concur with Judge Scileppi; Judge Fuld dissents in an opinion in which Judge Van Voorhis concurs.
Judgment affirmed.

. In the present case, the police were actually his accusers since it was they who had signed the information.