■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD CLARENCE SMITH, Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court which denied, without a hearing, an application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction. The basic contention presented is that by the failure to appoint counsel during the period that elapsed from the time that defendant was arrested on August 25, 1957 and brought before a Magistrate, on August 26, 1957, when he waived examination, to the time of his arraignment upon indictment in Supreme Court on September 23, 1957, defendant was deprived of his constitutional and statutory rights to the aid of counsel during a critical stage of the proceedings against him. A prior application, on which the contention principally urged and considered was that counsel, once assigned, was neither adequate nor effective, was denied. (*People* v. *Smith*, 34 Misc 2d 343, affd. 16 A D 2d 996, cert. den. 372 U. S. 948.) The record presents no basis for departure from the general rule that counsel is not required to be appointed, as the arraignment upon the information is not a critical stage (*People* v. *Combs*, 19 A D 2d 639). Even if, in this case, it was a critical stage, appellant may not complain of events happening before his plea of guilty (*People* v. *La Barth*, 19 N Y 2d 649; 19 N Y 2d 859, cert. den. 389 U. S. 874) or that he did not understand the advice given him by the Magistrate (*People* v. *Ryder*, 24 A D 2d 808, affd. 17 N Y 2d 880). We deal, nevertheless, with appellant's basic argument, which is, in substance, that the arraignment upon the information is a critical stage because it is only at that time that defendant can obtain a preliminary hearing, with the potential tactical advantage entailed (see Paperno & Goldstein, Criminal Procedure in New York, p. 83); but that loss does not seem equivalent or analogous to the loss of a possible defense as in *Hamilton* v. *Alabama* (368 U. S. 52) or to the entry of a judicial admission in *White* v. *Maryland* (373 U. S. 59). Any other right that may be exercised at a preliminary hearing can be exercised later. (*Canizio* v. *New York*, 327 U. S. 82; *People* v. *Combs*, 19 A D 2d 639, *supra*.) The only loss suffered being an insubstantial one, the preliminary hearing was not a critical stage. Order affirmed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*