**Leoncio PAGAN CANCEL, Movant,**

v.

**Gerardo DELGADO, Warden of the Commonwealth Penitentiary of Puerto Rico, Movee.**

Misc. No. 297.

United States Court of Appeals
First Circuit.

March 20, 1969.

Santos P. Amadeo, San Juan, P. R., on motion for leave to file.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Having rejected petitioner's claim on habeas corpus once before, No. 6615, Delgado v. Pagan Cancel, 363 F.2d 105 (1st Cir. 1966), this court is again asked to grant petitioner relief. As a petition for rehearing, the request is too late, and as a habeas petition, it should first be addressed to the district court. However, despite these procedural niceties, we have decided to consider the request— particularly because we read the petition as in essence asking us to reconsider our earlier opinion.

The ostensible basis for this petition is the Supreme Court's opinion in Arsenault v. Commonwealth of Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968). Unfortunately for petitioner, *Arsenault* avails him nothing.

The facts are briefly that in 1954 petitioner surrendered to the police and subsequently confessed to the commission of the crime of murder to a Justice of the Peace. Petitioner was tried—the confession being admitted into evidence —convicted, and sentenced to life imprisonment. Petitioner then filed a petition for habeas corpus with the district court which granted the writ. On appeal we reversed.

Petitioner contended that his Fourth and Fifth Amendment rights had been violated by virtue of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). We rejected that claim since *Escobedo* is not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Petitioner also alleged that his Sixth Amendment right to counsel at a critical stage in the proceedings had been violated and that White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), compelled the reversal of his conviction. We did not agree.

*Arsenault*, rather than casting doubt on our earlier opinion, confirms our approach. In *Arsenault,* as in White, the defendant entered a guilty plea at a preliminary hearing and although the plea was changed at trial, the earlier guilty plea was introduced into evidence.

Petitioner would have us read *White* and *Arsenault* as meaning that if a defendant does anything damaging at a preliminary hearing, counsel is required. However, as we indicated, the proper test is not simply what the defendant did but whether the proceeding either requires or offers the opportunity to take a procedural step which will have prejudicial effects in later proceedings. *See* Pointer v. Texas, 380 U.S. 400, 402, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). *See also* Chin Kee v. Commonwealth of Massachusetts, 407 F.2d 10 (1st Cir. 1969). Here the appearance before the magistrate took place not pursuant to an order but more as an unscheduled convenience to accommodate petitioner's desire to unburden himself. It was no "stage" at all, much less a critical stage, until after petitioner had confessed, at which point he had provided the probable cause on which the subsequent steps were predicated.

We do not say that a preliminary hearing in Puerto Rico cannot be critical in some cases so as to necessitate appointment of counsel; we say only that it was not critical in petitioner's case.

The motion is denied.