GRIMES, Justice,
concurring in part, dissenting in part.
In 1974, the legislature first enacted a statute providing for the expunction of criminal records under certain circumstances. Ch. 74-206, Laws of Fla. In Johnson v. State, 336 So.2d 93 (Fla.1976), this Court held that the statute provided a valid substantive right to qualified persons to have their criminal records closed from public view. At the same time, we concluded that “to permit a law to stand wherein the legislature requires the destruction of judicial records would permit an unconstitutional encroachment by the legislative branch on the procedural responsibilities granted exclusively to this Court.” Id. at 95. We sustained the statute in part but held it unconstitutional to the extent it encroached upon the judiciary’s control of its own records. In order to effectuate the legislative intent, we adopted Florida Rule of Criminal Procedure 3.692 which permitted the criminal records of *554 those who qualified to be removed from the official records of the court but provided for the retention of these records in a nonpublic index subject to further order of the court.
Because of its view that certain records have been improvidently closed, the legislature recently enacted new statutes on the expunction and sealing of criminal records which redefine the eligibility for this relief and require as a condition precedent a certificate of eligibility issued by the Florida Department of Law Enforcement (FDLE). §§ 943.0585, 943.059, Fla.Stat. (1992). The Florida Criminal Procedure Rules Committee has now submitted to us an amendment to rule 3.692 which is consistent with the new statutes. The committee’s proposal preserves that portion of the rule mandated by Johnson v. State which permits the court to retain sealed or expunged records in its nonpublic index.
If the legislature has the substantive right to decide the circumstances under which a person can seek to seal or expunge his or her records, I see no reason why the legislature cannot create the condition precedent of obtaining the approval of the Florida Department of Law Enforcement. By eliminating this requirement for eligibility, we are effectively declaring unconstitutional a portion of the statute, thereby improperly encroaching upon the legislative branch in much the same manner as it sought to do when it originally directed the courts to destroy the records which qualified for expungement. Furthermore, in eliminating the need for this certificate, it appears that we are also eliminating some of the other substantive prerequisites for sealing or expunction because sections 943.0585(2) and 943.059(2) require the applicant to prove certain matters to FDLE not otherwise set forth in the statutes.
Ordinarily, court records are open for public inspection. However, as noted in Johnson, courts have always exercised their discretion to seal certain records from public view when the ends of justice would be served. Rule 3.692 continues to preserve this authority. The amendment to the rule proposed by the committee simply recognizes that the legislature has established new prerequisites for persons who wish to petition for the sealing or expunction of their records. We have no business interfering with this substantive right.
I suspect it will come as some surprise that upon the complaint of just two lawyers to the proposed rule change, a portion of the statute has been declared invalid without any notice to or input from the State or FDLE. I would approve all of the amendments submitted by the committee, as written.
APPENDIX
RULE 3.133. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS
(a) Nonadversary Probable Cause Determination.
(1) Defendant in Custody. In all cases in which the defendant is in custody, a nonad-versary probable cause determination shall be held before a magistrate within ?248 hours from the time of the defendant’s arrest; provided, however, that this proceeding shall not be required when a probable cause determination has been previously made by a magistrate and an arrest warrant issued for the specific offense for which the defendant is charged. The magistrate for good cau-seafter a showing of extraordinary circumstance may continue the proceeding for not more than 24 hours beyond the ?248-hour period. The magistrate, after a showing that an extraordinary circumstance still exists, may continue the proceeding for not more than 24 additional hours following the expiration of the initial 24-hour continuance. This determination shall be made if the necessary proof is available at the time of the first appearance as required under rule 3.130, but the holding of this determination at that time shall not affect the fact that it is a nonadver-sary proceeding.
(2) Defendant on Pretrial Release. A defendant who has been released from custody before a probable cause determination is made and who is able to establish that the pretrial release conditions are a significant restraint on his or her liberty may file a written motion for a nonadversary probable cause determination setting forth with speci *555 ficity the items of significant restraint that a finding of no probable cause would eliminate. The motion shall be filed within 21 days from the date of arrest, and notice shall be given to the state. A magistrate who finds significant restraints on the defendant’s liberty shall make a probable cause determination within 7 days from the filing of the motion.
(3) Standard of Proof. Upon presentation of proof, the magistrate shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the magistrate shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.
(4) Action on Determination. If probable cause is found, the defendant shall be held to answer the charges. If probable cause is not found or the specified time periods are not complied with, the defendant shall be released from custody unless an information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain. Any release occasioned by a failure to comply with the specified time periods shall be by order of the magistrate on a written application filed by the defendant with notice sent to the state or by a magistrate without a written application but with notice to the state. The magistrate shall order the release of the defendant after it is determined that the defendant is entitled to release and after the state has a reasonable period of time, not to exceed 24 hours, in which to establish probable cause. A release required by this rule does not void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and filed, together with the evidence of such probable cause, with the clerk of the court having jurisdiction of the offense for which the defendant is charged.
(b) Adversary Preliminary Hearing.
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.
(2) Process. The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant who so elects shall be sworn and testify in his or her own behalf, and in such cases the defendant shall be warned in advance of testifying that anything he or she may say can be used against him or her at a subsequent trial. The defendant may be cross-examined in the same manner as other witnesses, and any witnesses offered by the defendant shall be sworn and examined.
(4) Record. At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to the defendant or the defendant’s counsel.
(5) Action on Hearing. If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an *556 information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and, together with the evidence received in the cause, shall be filed with the clerk of the circuit court.
(c)Additional Nonadversary Probable Cause Determinations and Preliminary Hearings. If there has been a finding of no probable cause at a nonadversary determination or adversary preliminary hearing, or if the specified time periods for holding a non-adversary probable cause determination have not been complied with, a magistrate may thereafter make a determination of probable cause at a nonadversary probable cause determination, in which event the defendant shall be retained in custody or returned to custody upon appropriate process issued by the magistrate. A defendant who has been retained in custody or returned to custody by such a determination shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.
Committee Notes
1968 Adoption. (Notes are to former rule 1.122.)
(a) Substantially the same as section 902.-01, Florida Statutes; the word “examination” is changed to “hearing” to conform to modern terminology.
(b) through (j) Substantially the same as sections 902.02 through 902.10, 902.13, and 902.14, Florida Statutes, except for exchange of “hearing” for “examination.”
(k)Parts of section 902.11, Florida Statutes, and all of section 902.12, Florida Statutes, were omitted because of conflict with case law: Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).
(l) Taken from Federal Rule of Criminal Procedure 5(c). Previously Florida had no statute or rule defining what the magistrate should do at the conclusion of the preliminary hearing.
(m) Substantially the same as section 902.-18, Florida Statutes, except “without delay” changed to “within 7 days.” Some specific time limit was felt necessary because of frequent delay by magistrates while defendants remain in jail.
1972 Amendment. The ABA Standards on Pre-Trial Release provide for a person arrested to be taken before a committing magistrate without unreasonable delay for immediate judicial consideration • of the release decision. The committee determined that, since a determination of probable cause at this immediate hearing presents difficult logistical problems for the state and defense counsel, the question of probable cause should be decided at a later preliminary hearing. For this reason, subdivisions (c), (d), and (e) of the former rule have been deleted in favor of the hearing provision now contained in rule 3.130.
(a) A revised version of former rule 3.122(a).
(b) New. Establishes the time period in which the preliminary hearing must take place.
(c)(1) Substantially the same as former rule 3.122(b). Amended to provide for advice of counsel relative to waiver and for written waiver.
(c)(2) Amended to delete provisions relating to recording of proceedings as same are now contained in subdivision (h).
(d) Same as prior rule 3.122(g).
(e) Same as prior rule 3.122(h).
(f) Substantially the same as prior rule 3.122(i); language modernized by slight changes.
(g) Same as prior rule 3.122(j).
(h) New rule to provide for record of proceedings.
(i) Same as prior rule 3.122(0-
*557 (j) Substantially the same as prior rule S.122(m). Time period for transmission of papers is reduced. (2) provides for transmission of any transcript of proceedings.
1977 Amendment. The rule corrects several deficiencies in the prior rule:
(1) In the prior rule no specific mechanism was provided to effect the release which is allowed. This revision provides such a mechanism and coordinates the mechanism with the additional procedures created by subdivision (e).
(2) Once a determination of no probable cause was made and the defendant was released, no method was provided for reversing the process in those instances in which the determination is palpably in error or in instances in which it is later possible to establish probable cause.
(3) The prior rule allowed the unconditioned release of a defendant without the possibility of recapture simply because of a technical failure to abide by the rather arbitrary time limits established for the conduct of a nonadversary probable cause determination and regardless of the ability to establish probable cause. The new rule allows a determination or redetermination of probable cause to be made in instances in which to do so is sensible. The defendant is protected by the provision allowing an adversary preliminary hearing as a cheek against any possible abuse.
Court Comment
1975 Amendment. This is a complete rewrite of the preliminary hearing rule.
RULE 3.692. PETITION TO SEAL OR EXPUNGE
(a) Requirements of Petition. All relief sought by reason of Ssections 943.0585-943.-059, Florida Statutes (-1984), shall be by petition in writing, filed with the clerk. SuchThe petition shall state the grounds upon which it is based and the official records to which it is directed and shall be supported by an affida, vit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of suehthe motion. A copy of the completed petition and affidavit shall be served upon the prosecuting attorney, and-upon the arresting authority, and the Florida Department of Law Enforcement. The hearing on the petition shall be held 30 days after service of the copies of the petition and affidavit. Notice and hearing shall be as provided in Rrule 3.590(c).
(b) State’s Response; Evidence. The Sstate may traverse or demur to suehthe petition and affidavit. The court may receive evidence on any issue of fact necessary to the decision of the petition.
(c) Written Order, if the petition is granted the court shall enter its order in writing so stating and further setting forth the records and agencies or departments to which it is directed.
(d) Copies of Order. UpoOn the receipt of suehthe order the clerk shall furnish a certified copy thereof to each agency or department named therein excepting the court.
(e) Clerk’s Duties. In regard to the official records of the court including the court file of the cause, the clerk shall:
(1) Rremove from the official records of the court, excepting the court file, all entries and records subject to suehthe order; provided that if it shall not be practical to remove suehthe entries and records, then to make certified copies thereof and thereafter expunge by appropriate aamesmeans suehthe original entries and records,;
(2) Sseal suehthe entries and records, or certified copies thereof, together with the court file and retain the same in a non-public index subject to further order of the court*. (Ssee* Johnson v. State, 336 So.2d 93 (Fla. 1976),);
(3) lin multi-defendant cases,, the clerk shall make a certified copy of the contents of the court file whichthat shall be sealed pursuant to subsectionsubdivision (2). Thereafter all references to the petitioner shall be expunged from the original court file.
(f) Costs. All costs of certified copies involved herein shall be borne by the movant, unless he-bethe movant is indigent.
*558 Committee Notes
1984 Amendment. Substantially the same as the former rule. The statutory reference in (1) was changed to cite the current statute and terminology was changed accordingly. Subseetioadivision (f) of the former rule was deleted siaeebecause it dealt with substantive matters covered by Ssection 943.058, of the Florida Statutes (1981).
[[Image here]]
*559 [[Image here]]
*560 [[Image here]]
*561 [[Image here]]
*562 [[Image here]]
*563 [[Image here]]
*564 [[Image here]]
*565 [[Image here]]
*566 [[Image here]]
*567 [[Image here]]
*568 [[Image here]]
*569 [[Image here]]
*570 [[Image here]]
*571 [[Image here]]
*572 [[Image here]]
*573 [[Image here]]
*574 [[Image here]]
*575 [[Image here]]
*576 [[Image here]]
Committee Notes
1984 Adoption. In order to have uniformity throughout the Sstate, the committee proposes these forms for ¡/petition to Eexpunge or Sseal, ©order to Sseal, and ©order to Eexpunge and Aaffidavit. These also should be a great asset to counsel and an invaluable asset to the clerks and FDLE, etc., who will be receiving ©orders in the future. The subcommittee working on these proposed forms has contacted law enforcement agencies, clerks, etc., for their input as to these proposed forms.