Robert W. WOOTTON, Petitioner–Appellant,

v.

John LAMBERT, Respondent–Appellee.

No. 01–35511.

D.C. No. CV–00–05086–RHW.

United States Court of Appeals, Ninth Circuit.

Dec. 17, 2001.*

Decided Jan. 2, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Washington state prisoner Robert W. Wootton appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for custodial assault, malicious mischief, and first degree escape. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of habeas corpus relief, *see Wildman v. Johnson,* 261 F.3d 832, 836 (9th Cir.2001), and we affirm.

Wootton contends that he was denied his Sixth Amendment right to counsel because his attorney was not present at his two arraignments. We are persuaded otherwise.

We may not grant habeas relief unless the state court adjudication of the merits of Wootton's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See

28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 385–86, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.) (defining "unreasonable application" as involving situations where the state court has committed clear error), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

█ The Supreme Court has held that the right to counsel applies retroactively to preliminary hearings where rights may be sacrificed or defenses lost. *See White v. State of Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), *citing Hamilton v. Alabama,* 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); *cf. Baker v. City of Blaine,* 221 F.3d 1108, 1110–11 (9th Cir.2000) (concluding that an arraignment under Washington law was not a critical stage because, although defendant plead guilty, he never contested or appealed his conviction and nothing else that occurred at arraignment was material to later trial proceedings).

█ Our review of the record here shows that at each of his two arraignments, Wootton was informed of and asked if he understood his rights and the charges against him. Moreover, at each arraignment, Wootton affirmatively acknowledged his understanding of the same, and there is nothing in the record indicating Wootton was prejudiced by not having his counsel present at his arraignments. *See White,* 373 U.S. at 60.

Because the record supports the state court's conclusion that Wootton's arraignments were not critical stages in the proceedings for right to counsel purposes, we cannot say that the state court's decision was clearly erroneous, and therefore an unreasonable application of clearly estab-

lished federal law. *See Williams,* 529 U.S. at 385–86; *Van Tran,* 212 F.3d at 1153–54.

Accordingly, the district court properly dismissed Wootton's § 2254 petition.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.