Justice Alito, with whom The Chief Justice and Justice Scalia
join, concurring.
I join the Court’s opinion because I do not understand it to hold that a defendant is entitled to the assistance of appointed counsel as soon as his Sixth Amendment right attaches. As I interpret our precedents, the term “attach *214 ment” signifies nothing more than the beginning of the defendant’s prosecution. It does not mark the beginning of a substantive entitlement to the assistance of counsel. I write separately to elaborate on my understanding of the term “attachment” and its relationship to the Amendment’s substantive guarantee of “the Assistance of Counsel for [the] defence.”
The Sixth Amendment provides in pertinent part that “[i]n all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defence.” The Amendment thus defines the scope of the right to counsel in three ways: It provides who may assert the right (“the accused”); when the right may be asserted (“[i]n all criminal prosecutions”); and what the right guarantees (“the right... to have the Assistance of Counsel for his defence”).
It is in the context of interpreting the Amendment’s answer to the second of these questions—when the right may be asserted—that we have spoken of the right “attaching.” In Kirby v. Illinois, 406 U. S. 682, 688 (1972), a plurality of the Court explained that “a person’s Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him.” A majority of the Court elaborated on that explanation in Moore v. Illinois, 434 U. S. 220 (1977):
“In Kirby v. Illinois, the plurality opinion made clear that the right to counsel announced in Wade and Gilbert attaches only to corporeal identifications conducted at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. This is so because the initiation of such proceedings marks the commencement of the ‘criminal prosecutions’ to which alone the explicit guarantees of the Sixth Amendment are applicable. Thus, in Kirby the plurality held that the prosecution’s evidence of a robbery victim’s one-on-one stationhouse identification of an un *215 counseled suspect shortly after the suspect’s arrest was admissible because adversary judicial criminal proceedings had not yet been initiated.” Id., at 226-227 (some internal quotation marks and citations omitted).
When we wrote in Kirby and Moore that the Sixth Amendment right had “attached,” we evidently meant nothing more than that a “criminal prosecutio[n]” had begun. Our cases have generally used the term in that narrow fashion. See Texas v. Cobb, 532 U. S. 162, 167 (2001); McNeil v. Wisconsin, 501 U. S. 171, 175 (1991); Michigan v. Harvey, 494 U. S. 344, 353 (1990); Satterwhite v. Texas, 486 U. S. 249, 254-255 (1988); Michigan v. Jackson, 475 U. S. 625, 629, and n. 3 (1986); Moran v. Burbine, 475 U. S. 412, 428 (1986); United States v. Gouveia, 467 U. S. 180, 188 (1984); Edwards v. Arizona, 451 U. S. 477, 480, n. 7 (1981); Doggett v. United States, 505 U. S. 647, 663, n. 2 (1992) (Thomas, J., dissenting); Patterson v. Illinois, 487 U. S. 285, 303-304 (1988) (Stevens, J., dissenting); United States v. Ash, 413 U. S. 300, 322 (1973) (Stewart, J., concurring in judgment). But see Estelle v. Smith, 451 U. S. 454, 469 (1981) (“[W]e have held that the right to counsel granted by the Sixth Amendment means that a person is entitled to the help of a lawyer at or after the time that adversary judicial proceedings have been initiated against him ...” (internal quotation marks omitted)); Brewer v. Williams, 430 U. S. 387, 398 (1977) (“[T]he right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him .. . ”).
Because pretrial criminal procedures vary substantially from jurisdiction to jurisdiction, there is room for disagreement about when a “prosecution” begins for Sixth Amendment purposes. As the Court notes, however, we have previously held that “arraignments” that were functionally indistinguishable from the Texas magistration marked the point at which the Sixth Amendment right to counsel *216 “attached.” See ante, at 198-199 (discussing Jackson, supra, and Brewer, supra).
It does not follow, however, and I do not understand the Court to hold, that the county had an obligation to appoint an attorney to represent petitioner within some specified period after his magistration. To so hold, the Court would need to do more than conclude that petitioner’s criminal prosecution had begun. It would also need to conclude that the assistance of counsel in the wake of a Texas magistration is part of the substantive guarantee of the Sixth Amendment. That question lies beyond our reach, petitioner having never sought our review of it. See Pet. for Cert. i (inviting us to decide whether the Fifth Circuit erred in concluding “that adversary judicial proceedings . . . had not commenced, and petitioner’s Sixth Amendment rights had not attached”). To recall the framework laid out earlier, we have been asked to address only the when question, not the what question. Whereas the temporal scope of the right is defined by the words “[i]n all criminal prosecutions,” the right’s substantive guarantee flows from a different textual font: the words “Assistance of Counsel for his defence.”
In interpreting this latter phrase, we have held that “defence” means defense at trial, not defense in relation to other objectives that may be important to the accused. See Gouveia, supra, at 190 (“[T]he right to counsel exists to protect the accused during trial-type confrontations with the prosecutor . . . ”); Ash, supra, at 309 (“[T]he core purpose of the counsel guarantee was to assure ‘Assistance’ at trial . . . ”). We have thus rejected the argument that the Sixth Amendment entitles the criminal defendant to the assistance of appointed counsel at a probable-cause hearing. See Gerstein v. Pugh, 420 U. S. 103, 122-123 (1975) (observing that the Fourth Amendment hearing “is addressed only to pretrial custody” and has an insubstantial effect on the defendant’s trial rights). More generally, we have rejected the notion that the right to counsel entitles the defendant *217 to a “preindictment private investigator.” Gouveia, supra, at 191.
At the same time, we have recognized that certain pretrial events may so prejudice the outcome of the defendant’s prosecution that, as a practical matter, the defendant must be represented at those events in order to enjoy genuinely effective assistance at trial. See, e. g., Ash, supra, at 309-310; United States v. Wade, 388 U. S. 218, 226 (1967). Thus, we have held that an indigent defendant is entitled to the assistance of appointed counsel at a preliminary hearing if “substantial prejudice . . . inheres in the . . . confrontation” and “counsel [may] help avoid that prejudice.” Coleman v. Alabama, 399 U. S. 1, 9 (1970) (plurality opinion) (internal quotation marks omitted); see also White v. Maryland, 373 U. S. 59, 60 (1963) (per curiam). We have also held that the assistance of counsel is guaranteed at a pretrial lineup, since “the confrontation compelled by the State between the accused and the victim or witnesses to a crime to elicit identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial.” Wade, supra, at 228. Other “critical stages” of the prosecution include pretrial interrogation, a pretrial psychiatric exam, and certain kinds of arraignments. See Harvey, supra, at 358, n. 4 (Stevens, J., dissenting); Estelle, supra, at 470-471; Coleman, supra, at 7-8 (plurality opinion).
Weaving together these strands of authority, I interpret the Sixth Amendment to require the appointment of counsel only after the defendant’s prosecution has begun, and then only as necessary to guarantee the defendant effective assistance at trial. Cf. McNeil, supra, at 177-178 (“The purpose of the Sixth Amendment counsel guarantee — and hence the purpose of invoking it — is to protec[t] the unaided layman at critical confrontations with his expert adversary, the government, after the adverse positions of government and defendant have solidified with respect to a particular alleged *218 crime” (emphasis and alteration in original; internal quotation marks omitted)). It follows that defendants in Texas will not necessarily be entitled to the assistance of counsel within some specified period after their magistrations. See ante, at 212 (opinion of the Court) (pointing out the “analytical mistake” of assuming “that attachment necessarily requires the occurrence or imminence of a critical stage”). Texas counties need only appoint counsel as far in advance of trial, and as far in advance of any pretrial “critical stage,” as necessary to guarantee effective assistance at trial. Cf. ibid. (“[C]ounsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself ” (emphasis added)).
The Court expresses no opinion on whether Gillespie County satisfied that obligation in this case. Petitioner has asked us to decide only the limited question whether his magistration marked the beginning of his “criminal prosecutio[n]” within the meaning of the Sixth Amendment. Because I agree with the Court’s resolution of that limited question, I join its opinion in full.