**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSEPH STANLEY PIGOTT, | No. 07-36076 |
| Petitioner - Appellant, | D.C. No. CV-07-00599-JCC |
| v. | |
| TIMOTHY WENGLER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 9, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

Washington prisoner Joseph Stanley Pigott appeals the district court's denial

of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

In his habeas petition, Pigott argued that his lack of counsel at his April 8, 2003, first appearance in King County District Court denied him his Sixth Amendment right to counsel at a "critical stage" in his criminal proceedings. *See, e.g.*, *Coleman v. Alabama*, 399 U.S. 1, 7 (1970) (plurality); *White v. Maryland*, 373 U.S. 59, 60 (1963). Pigott now concedes that he had counsel at the April 8, 2003, hearing, but he argues that he was denied counsel at two other alleged "critical stages," specifically, his first appearance in King County Superior Court on April 10, 2003, and his arraignment in King County Superior Court on April 17, 2003. Even if we construed or expanded Pigott's Certificate of Appealability ("COA") to cover the April 10 and April 17 hearings, these claims were not raised by Pigott in his state proceedings. Pigott no longer can raise these claims in the Washington courts, *see* Wash. Rev. Code § 10.73.090(1), and these claims thus are considered procedurally defaulted. *See, e.g.*, *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (en banc).[1] Pigott has failed to establish the "cause" and "prejudice" necessary to overcome this procedural default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

---

[1] We reject Pigott's argument that the State waived the procedural default by failing to assert it in the district court. Pigott did not raise either the April 10 or the April 17 claims in his petition, so the State had no reason to argue that those claims were procedurally defaulted.

We also decline to expand the scope of Pigott's COA to address the uncertified issue of whether Pigott was deprived of his Sixth Amendment right to effective assistance of counsel as a result of his exclusion from a conference between the trial court and his counsel on the matter of jury instructions. Pigott has not made a "substantial showing of the denial of a constitutional right," such that "the issue[] [is] debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

The district court's denial of Pigott's habeas petition is

**AFFIRMED.**