State v. Cason.

STATE v. HENRY BERRY CASON.

(Filed 11 May, 1966.)

**Indictment and Warrant § 1—**

The waiver of preliminary hearing by a defendant without benefit of counsel cannot amount to a deprivation of defendant's constitutional rights when no plea is entered upon such preliminary hearing.

Moore, J., not sitting.

Appeal by defendant from *McLaughlin, J.,* October 18, 1965 Criminal Session of Guilford (Greensboro Division).

The defendant was tried upon a bill of indictment charging that he did unlawfully, wilfully and feloniously commit the abominable and detestable crime against nature with one ..........................., a female of the age of ten years.

The jury returned a verdict of guilty as charged in the bill of indictment.

From the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton and Staff Attorney Vanore for the State.*

*Wallace C. Harrelson for defendant.*

Per Curiam. The State's evidence was ample to carry the case to the jury and to support the verdict returned by the jury.

The defendant waived preliminary hearing on 16 August 1965 in the Municipal County Court of Guilford County. He now contends that his constitutional right was violated when he was permitted to waive the preliminary hearing without the benefit of counsel. The defendant was furnished with court-appointed counsel to represent him at his trial in the Superior Court.

Since the hearing was waived and no plea was entered, in our opinion the case of *White v. Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, and similar cases relied on by the defendant are not applicable to the factual situation in this case. In *White v. Maryland, supra,* a preliminary hearing was held and the defendant entered a plea of guilty, and such plea was admitted in evidence at the trial of the case.

In our opinion the defendant's assignments of error present no prejudicial error that would justify disturbing the result of the trial below. We find

No error.

Moore, J., not sitting.