STATE OF NORTH CAROLINA v. LARRY GRANT, JR.

No. 7028SC508

(Filed 18 November 1970)

1. **Constitutional Law § 32; Criminal Law § 21— waiver of preliminary hearing without counsel**
   Defendant's constitutional rights were not violated by his waiver of a preliminary hearing in the police court without the benefit of counsel where defendant entered no plea in the police court, and the trial court properly denied defendant's motion for a preliminary hearing prior to trial in the superior court.

2. **Criminal Law § 23; Robbery § 2— common law robbery — indictment — voluntariness of guilty plea**
   Defendant freely, understandingly and knowingly pleaded guilty to a valid bill of indictment charging the crime of common law robbery.

APPEAL by defendant from *Grist, J.,* 13 April 1970 Criminal Session, BUNCOMBE Superior Court.

The record in this case reveals the following proceedings:

On 26 February 1970 a warrant was issued from the Asheville Police Court charging defendant with robbery on 25 February 1970. On the warrant is an entry by the clerk of said court dated 27 February 1970 to the effect that hearing in the police court being waived by defendant, the case was bound

over to superior court. On 27 March 1970 defendant's counsel filed written motion with the clerk of superior court asking for a preliminary hearing in police court for the reason that defendant did not have counsel in the police court and his waiver of a hearing was not freely, understandingly and voluntarily made. In a bill of indictment returned at the 31 March 1970 session of Buncombe Superior Court, defendant was charged with common law robbery. When the case was called for trial in superior court, before pleading to the bill of indictment defendant's counsel called the court's attention to his motion for a preliminary hearing. The court denied the motion. Defendant then moved that the bill of indictment be quashed and that motion was denied. Defendant then pleaded guilty to the bill of indictment and after determining that the plea was freely, understandingly, and voluntarily entered, and after hearing the testimony of two witnesses, the court accepted the guilty plea and sentenced defendant to five to seven years in prison. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Hendon and Carson by George Ward Hendon for defendant appellant.*

BRITT, Judge.

[1]  Defendant first assigns as error the failure of the trial court to grant his motion for a preliminary hearing. We think the question raised by this assignment has been fully settled by the Supreme Court of our State in the following cases: *State v. Cason,* 267 N.C. 316, 148 S.E. 2d 137 (1966), *cert.* den. 385 U.S. 1019, 17 L. Ed. 2d 556, 87 S. Ct. 748; *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740 (1967), *cert.* den. 390 U.S. 1030, 20 L. Ed. 2d 288, 88 S. Ct. 1423. In the Cason case the court held that the waiver of preliminary hearing by a defendant without benefit of counsel cannot amount to a deprivation of defendant's constitutional rights when no plea is entered at such preliminary hearing. The record before us does not disclose that defendant entered any plea in the police court. In the Gasque case the court reaffirmed what it said in the Cason case; it further held that defendant's contention that the preliminary hearing afforded the only opportunity to ascertain the evidence of the State before trial, thereby requiring the presence of counsel to obtain this information, was without

merit since the State's witnesses can be examined by defendant before trial by permission of the court or the solicitor, or by resort to the writ of *habeas corpus*. The assignment of error is overruled.

[2] Defendant next assigns as error the failure of the trial court to grant his motion to quash the bill of indictment. Defendant submits no argument as to why the indictment is defective and we find no defect. The assignment of error is overruled.

Finally, defendant assigns as error the entry of judgment against him. We hold that the defendant freely, understandingly and knowingly pleaded guilty to a valid bill of indictment and the sentence imposed was within the limit prescribed by statute. The assignment of error is overruled.

The judgment of the Superior Court is

Affirmed.

Judges CAMPBELL and VAUGHN concur.