## Jackson *v.* The State of Ohio.

(Decided June 7, 1935.)

*Mr. Forrest B. Ashcraft,* for plaintiff in error.
*Mr. McDonald* and *Mr. Kenneth Kreider,* prosecuting attorney, for defendant in error.

Sherick, J.   The plaintiff in error, Richard Jackson, and one named Sebree, were jointly indicted in one indictment containing two counts, charging them with breaking and entering a railroad car and of grand larceny of some of its contents.   They were also jointly indicted upon a single charge of concealing stolen property.   Sebree at first pleaded not guilty to all three counts, and thereafter changed his plea from "not guilty" to "guilty" of the charge of "grand larceny."   The two remaining counts against him were nolled.   Jackson was tried upon all three counts and was found not guilty of the charge of breaking and entering, but guilty of grand larceny and of concealing stolen property.

Prior to the time of indictment Sebree was examined by police officers in the presence of Jackson, and confessed that he committed the acts of which he stood charged, and he made certain accusations and statements which implicated Jackson.

Error is now prosecuted to this court and numerous claimed errors are set forth in the petition in error, but this court need only consider two of the errors complained of.

Upon trial the state offered the testimony of five police officers who testified as to the confession made by Sebree implicating Jackson, prior to the indictment; this testimony was received under objection. From this confession it appears that Jackson, when called upon during the confession, strenuously denied that he was in any way implicated in the offenses for which he was subsequently indicted. It is the admission of this testimony which is the principal ground of error alleged.

It is well settled in this state that the confession of an accomplice, made in the presence of the one then being tried, is not competent unless the confession is made under such circumstances and conditions as would have required the other accused to have spoken. In the present instance Jackson strenuously denied complicity in the crime charged. This question was before the Ohio courts in the case of *Geiger* v. *State*, 70 Ohio St., 400, 71 N. E., 721, and it was there held that even where the defendant remained silent, when it was not incumbent upon him to speak, it was error to admit any such confession.

In the case of *Zeller* v. *State*, 123 Ohio St., 519, at page 523, 176 N. E., 81, it is stated:

"The only theory upon which any confession by silence is admissible is that the statement of the third person, in the presence of the accused, is made under such circumstances that the silence of the accused

gives rise to a natural and reasonable inference of assent thereto; * * *.''

But it must be remembered in the present instance that there is no question of silence upon the part of Jackson; but a positive denial of the truth of the statements of Sebree. This testimony was purely hearsay in character and could only be admissible upon the theory that it was an admission against interest. Clearly it was not such an admission, for Jackson denied the same. The fact is that this testimony not only was offered to prove the truth of Sebree's statements, but was available as proof of the ultimate fact of complicity in the crimes charged. It was erroneously received in evidence.

It further appears from the record that Sebree appeared at the trial as a witness, and that he there testified that Jackson was in no way connected with and in no way participated in the crimes of which he stood charged. This testimony becomes important in view of the fact that as a further ground of error it is claimed that the trial court erred in his charge to the jury wherein it was said:

''There is testimony of an accomplice given in this case. The testimony of an accomplice should always be received with caution in any criminal case.''

It is suggested by counsel for the plaintiff in error that this is perhaps the first time a defendant is heard to complain of such a charge. As suggested, evidence of an accomplice is usually distinctly harmful, but in this case it was very favorable to the defendant; the fact is that Sebree by his testimony denies Jackson's complicity in the criminal act. If Jackson was not connected therewith, then Sebree was not an accomplice. The giving of this particular portion of the charge, which is ordinarily correct in a great number of criminal actions where confessions by accomplices are introduced in evidence, is in this particular case

prejudicially erroneous. The court here singled out for the jury testimony of a particular witness which favored the plaintiff in error and told the jury to carefully scrutinize and consider the testimony of this one particular witness.

We feel it unnecessary to consider the numerous other errors claimed, and for the reasons here indicated the judgment of conviction must be reversed.

*Judgment reversed.*

LEMERT, P. J., and MONTGOMERY, J., concur.