Joe Willie **CHILDS**, Petitioner,

v.

Harold J. **CARDWELL**, Warden,
Respondent.

Civ. A. No. 69–168.

United States District Court,
S. D. Ohio, E. D.

Dec. 22, 1970.

Donald F. Kelch, Jr., Columbus, Ohio, for petitioner.

Paul W. Brown, Atty. Gen. and William E. Dunlap, Jr., Asst. Atty. Gen., State of Ohio, for respondent.

## OPINION AND ORDER

KINNEARY, District Judge.

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under the provisions of Title 28, United States Code, Section 2241(c) (3).

This matter is before the Court on the petition, return of writ, traverse, and briefs of the parties.

On December 23, 1963, petitioner was arrested by Columbus, Ohio police in connection with an investigation of several armed robberies. He was interrogated and placed in at least three different line-ups (Tr 58–61). Petitioner was taken before a municipal court judge on December 30, 1963 and ordered held for action by a grand jury. He was not represented by counsel at the hearing, nor advised of his right to counsel.

On February 27, 1964, an indictment was filed charging petitioner with two

counts of armed robbery and one count of assault with intent to kill. Petitioner was arraigned on March 6, 1964. At the arraignment petitioner advised the Court that he was not represented by counsel, that he was indigent, and that he wanted counsel to represent him.

Petitioner, who was unable to make bail, was incarcerated and without the assistance of counsel for a period of almost four months, counsel being finally appointed on April 22, 1964. Petitioner's trial began May 13, 1964. He was found guilty on all three counts by the jury and on May 14, 1964 was sentenced to consecutive terms in the Ohio Penitentiary.

On May 25, 1965, the Franklin County Court of Appeals granted petitioner's motion for leave to appeal. The Court affirmed the trial court and dismissed the appeal on June 28, 1966. A petition for rehearing was filed on July 6, 1966. It was denied on December 6, 1966.

A motion for leave to appeal to the Ohio Supreme Court was filed on December 23, 1966. This Court affirmed the decision of the Court of Appeals by opinion on April 17, 1968.

Petition for writ of certiorari to the United States Supreme Court was denied on April 28, 1969.

Respondent admits that petitioner has exhausted his available state court remedies as required by 28 U.S.C.A. § 2254.

Petitioner makes the following contentions:

1. He was compelled to remain incarcerated and without counsel for a period of four months after arrest, denying him a fair opportunity to participate effectively in the fact finding process of trial.

2. The submission to the jury and repeated use by the prosecutor of an out of court statement of an alleged co-conspirator not made during the course of the alleged conspiracy, operated to deprive petitioner of a fair trial and of the opportunity to confront and cross-examine his accuser.

The facts are not in dispute. The Court determines that an evidentiary hearing is not required. See, Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C.A. § 2254(d).

I

It is uncontested that petitioner was incarcerated and without the assistance of counsel for almost four months following his arrest. However, petitioner makes no factual allegations of legally demonstrable prejudice resulting from the delay in appointment of counsel. Petitioner urges that prejudice is possible but not provable. He contends that the burden of proof in establishing prejudice or circumstances indicating a probability of prejudice should not be imposed on him. Petitioner argues that it is precisely because prejudice is possible but not provable that the burden of proof should not be put on him. He relies upon the holding in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967) that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24, 87 S. Ct. at 828. Moreover, the Court in *Chapman* held that a denial of the effective assistance of counsel can never be harmless error.

Petitioner contends that he was denied the assistance of counsel at a critical stage of his prosecution. He argues that if effective assistance of counsel is impaired by denial of counsel at any earlier stage of prosecution, the earlier stage is, of necessity, critical.

The earlier stage, petitioner asserts, is that period of time immediately following arrest during which counsel, had he been appointed, could have made a thorough factual investigation.

The question for decision is when and under what circumstances is appointment of counsel constitutionally required in a criminal prosecution.

In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) the

Supreme Court held the Alabama arraignment procedure to be a critical stage because if certain pleas were not made at the arraignment available defenses might be irretrievably lost. A preliminary hearing was held to be a critical stage in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) because, under Maryland procedure, the prosecutor could comment at trial upon defendant's plea entered at the preliminary hearing. Petitioner herein does not assert that the opportunity to present a defense or defenses was lost through failure to comply with procedural requirements occasioned by absence of counsel or that he exercised a legal right to his detriment during the period in which he was not afforded assistance of counsel.

However, an attorney's duty goes beyond making "legal" decisions or performing "legal" functions before a court. The Supreme Court has long recognized the importance of pretrial investigation and preparation.

[D]uring perhaps the most critical period of the proceedings against these defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation, thoroughgoing investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself. Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158 (1932).

■ Just as defenses may be lost through failure to assert them, *see* Hamilton v. Alabama, *supra*, they may also be lost in the investigative stages. In an appropriate case loss of a defense or even loss of witnesses to an event may make the early investigative phases of a criminal prosecution a critical stage. *Cf.* United States ex rel. Sanders v. Ohio, 322 F.Supp. 28 (S.D. E.D.Ohio, 1969) (counsel appointed day of trial).

Factual investigation is recognized as a prerequisite to effective trial advocacy:

The most important elements in the preparation of a case are early and thorough preparation. The earlier your preparation the more thorough it is likely to be. Biskind, How To Prepare A Case For Trial, 61.

Some lawyers leave the preparation of the facts until just before the case is called for trial. This is a serious mistake. The facts should be prepared as soon after the happening of the event as it is possible to do so. This is the opinion of all successful personal injury and general trial attorneys. Goldstein, Trial Technique, 5.

Every witness in the case should be thoroughly questioned at the earliest possible time. The reasons for this are obvious: The closer the examination is to the occurrence, the fresher is the witness' memory, and the keener his recollection of vital details; such an early examination has the effect of fixing his testimony in his mind, so that in the event of a long delay in trial he will not have forgotten it. Busch, Law and Tactics In Jury Trials, 343.

This is the obvious truth, which the voluble readiness of witnesses tends to obscure, that memory hinges upon recency * * * the fresher the memory, the fuller and more accurate it is. McCormick, Evidence, 75.

[Y]ou will give your first, your last, and at all times your unflagging efforts to find out what the facts are. Stryker, The Art Of Advocacy, 12.

Petitioner argues that while the state had the opportunity to direct its witnesses' attention to the events in issue shortly after those events allegedly occurred, he was denied the opportunity to direct the attention of persons who might testify in his behalf to the events of December 17th and December 19th, 1963 (the dates of the robberies for which defendant was convicted) at or near the time of those events. Rather,

four months passed, memories dimmed, and as a result the witnesses called to establish defendant's alibi were subjected to effective cross-examination by the prosecutor. And, petitioner argues, the witnesses' failure to recall clearly the events of December 17th and December 19th may be attributable to the absence of an opportunity for thoroughgoing factual investigation, including interviews with prospective witnesses.

The Ohio Court of Appeals recognized that petitioner was not immediately accorded those rights which the Constitution has established for criminal defendants to safeguard the personal liberty of all persons in their contacts with our legal institutions:

> Carelessness and insensitivity to individual right of those accused of crime have led to the demand for effective methods of insuring their rights. The record in the present case reflects no credit on the administration of justice in Franklin County. The defendant was held illegally by the police some seven days before being taken to a magistrate. There was an inordinate delay in presenting his case to the grand jury and an additional delay in the appointment of counsel.

As stated previously, petitioner's contention is that the burden of proving prejudice as a result of the delayed appointment of counsel should not rest on him. Support for this position is found in the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). See also, United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968) and Turner v. Maryland, 318 F. 2d 852 (4th Cir. 1963) which hold that late appointment of counsel may be found inherently prejudicial to a defendant's rights, thus establishing a prima facie case which must be overcome by an affirmative showing by the state that resultant prejudice was absent. Also, Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1963), cert. den. 380 U.S. 921, 85 S.Ct. 917, 13 L.Ed.2d

805 (1965); Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965).

None of these cases, however, raise precisely the question presented by petitioner. The cases of White v. Maryland, Hamilton v. Alabama, and Coleman v. Alabama, *supra*, represent a determination, by the United States Supreme Court, of critical stages in the judicial process. By a critical stage is meant any confrontation between the accused and the authorities in which defenses are waived or lost, or rights prejudiced. See also, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court has fixed various critical stages in order to determine when the right to counsel attaches.

The cases of U. S. ex rel. Mathis v. Rundle, Turner v. Maryland, Underwood v. Bomar and Townsend v. Bomar, *supra*, and Davis v. Johnson, 354 F.2d 689 (6th Cir. 1966) all represent a determination by the court that the time allowed to defense counsel was inadequate to prepare for trial. The inadequate time allowed for preparation creates a rebuttable presumption that the defendant was denied the effective assistance of counsel. The time allowed in the above cases was presumed insufficient because it did not permit counsel to consult with his client, explore possible defenses, and examine witnesses who might help his client's case.

In this case before this Court there is no allegation that counsel had insufficient time to prepare. Rather, the allegation is that the entire period before trial is "critical." This Court declines to extend the law as petitioner urges and hold that the entire period of time before trial is critical and that consequently the delayed appointment in this case amounts to a denial of the right to counsel. Therefore, the petitioner retains the burden of proving that he was prejudiced by the delay.

■ The sole fact alleged by petitioner to support his conclusion of prejudice is that his alibi witnesses failed to stand up under cross examination. Petitioner contends that this failure is attributable to the fact that counsel did not get to them immediately to direct their attention to petitioner's whereabouts on the nights in question. This Court agrees with the Supreme Court of Ohio which considered this question in State v. Childs, 14 Ohio St. 2d 56, 236 N.E.2d 545, wherein the Court stated:

> In the first place, the alibi witnesses of the defendant were not strangers who would not be expected to have any idea of the importance of remembering the events of December 17 and 19 until contacted by defendant's attorney four months later. Instead, his five witnesses were his mother and stepfather, both of whom lived in the same house with him and three friends, two of whom lived in the same house, and one other who was arrested at about the same time and apparently for one of the same offenses for which defendant was indicted. All that these friends and relatives needed to know were the dates that the defendant supposedly robbed the markets, and their memories would immediately have been directed to when they saw him on those days. It would be unreasonable to assume, without any proof whatsoever, that for four months after Joe Willie. Childs was arrested these particular people, as close as they were to the defendant, had no idea of the offenses for which he was arrested.

This Court holds that petitioner has not met his burden of proof with respect to his first allegation. However, petitioner is entitled to relief on the basis of his second allegation.

## II

■ Detective Fred Jansen testified, without objection, to the contents of an extrajudicial declaration made by one Robert Jarrett to Detective Jansen in the presence of petitioner:

> A. * * * I called Mr. Jarrett's attention the night of the 19th of December and the Simon's robbery. I asked him if he was one of the two men involved in this robbery. And he said that he was. I asked him at the time could he name the second man involved with him and he said that he could. And he indicated the man seated in the room with him. I asked him who that man was and he said "Willie Joe Childs." (Tr 60).

Repeated references were made to this alleged extrajudicial declaration (Tr 64–65, 66–67, 105). Jarrett was not called to testify by the prosecution. Consequently, petitioner was not afforded the opportunity to cross examine the extrajudicial declarant.

Clearly, Detective Jansen's testimony relating Jarrett's alleged statement was inadmissible hearsay. It was a declaration made out of court by a person not under oath and not subject to cross examination offered for the purpose of establishing the truth of the facts asserted in the statement. See, Potter v. Baker, 162 Ohio St. 488, 124 N.E.2d 140 (1955). The alleged statement would not have been admissible under any known exception to the hearsay rule.

■ However, the admissibility of hearsay evidence is a question of state law, and the Ohio Supreme Court held that petitioner waived any objection he might have to the admissibility of the evidence by his counsel's failure to object to Detective Jansen's testimony. State v. Childs, 14 Ohio St.2d 56, 61–62, 236 N.E.2d 545 (1968).

Petitioner contends that there is a federal question independent of the state law evidentiary claim. He asserts he was deprived of his right to confront and cross examine his accusers in violation of the Sixth Amendment. He relies upon Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) wherein the complaining witness testified at a preliminary hearing

that the defendant robbed him, but the defendant was not represented by counsel at the hearing and therefore did not cross examine him. Later, the complaining witness moved outside the jurisdiction and was unavailable at trial. A transcript of his testimony at the preliminary hearing was introduced in evidence at the trial over the objection of defendant's counsel. The Court said:

> There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right to confrontation and cross examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Pointer v. Texas, *supra*, at 405, 85 S.Ct. at 1068.

▮ In addition, petitioner relies on the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The petitioner in *Bruton* asserted that he was denied his right to confrontation and cross examination of a witness against him when a co-defendant's incriminating extrajudicial statements were introduced in evidence at trial against the co-defendant. Even though the trial court specifically instructed the jury to disregard the co-defendant's statements in determining the guilt or innocence of the petitioner, the Supreme Court held that mere substantial risk that the jury might disregard the instructions denied petitioner his right of confrontation and cross examination secured by the Sixth Amendment. In the instant case, in contrast to *Bruton*, the extrajudicial statement of the alleged confederate was actually introduced in evidence against petitioner. There could be no clearer violation of a criminal defendant's right to confrontation and cross examination of a witness.

▮ Respondent contends that petitioner waived his right to confrontation and cross examination. The question of whether or not petitioner waived

his Sixth Amendment right to confrontation and cross examination is governed by federal standards. See, Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1963). A waiver of an important constitutional right cannot be presumed. See, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Thus, the question presented is whether the petitioner made a knowing waiver of his constitutional right of confrontation and cross examination. See, Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).

The Ohio Supreme Court held that petitioner waived his constitutional right to confrontation of witnesses. State v. Childs, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968). However, the court did not recite facts upon which it based its legal conclusion that the petitioner waived his federal constitutional right to confrontation of the witness. The court apparently based its finding solely upon the absence of an objection in the record.

The factors discussed in *Henry* which would support a finding of knowing waiver, all related to tactical trial advantages. Henry v. Mississippi, *supra*, 379 U.S. at 451, 85 S.Ct. 564. Although respondent urges that similar considerations may have induced trial counsel herein to knowingly waive his objection, it is difficult to conjecture just what that advantage might have been. Respondent suggests that counsel merely decided to pin all of his hopes to proof of alibi. Indisputably, that was his defense, but the extrajudicial declaration was very damaging to that defense.

▮ The transcript indicated that the trial court (Tr 58, 66), prosecutor (Tr 60, 74) and defense counsel (Tr 66) were laboring under a fundamental misunderstanding as to the nature of the Ohio exceptions to the hearsay rule. Each apparently assumed that if the defendant was present when the extra-

judicial declaration was made, it was admissible in evidence under an exception to the hearsay rule. There is no such exception. See generally, Potter v. Baker, 162 Ohio St. 488, 124 N.E.2d 140; Zeller v. State, 123 Ohio St. 519, 176 N.E. 81 (1931); Jackson v. State, 52 Ohio App. 309, 311, 3 N.E.2d 651 (1935).

 Under the circumstances of this case the Court holds that there was not a knowing waiver of petitioner's right to confrontation and cross examination, and that petitioner was denied his right of confrontation and cross examination of witnesses.

Respondent argues, however, that even if petitioner was denied his right of confrontation and cross examination, nevertheless the error was harmless. The Court does not agree.

The United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) reiterated what was to be considered harmless error. Quoting from Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), the Court said, "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." The Court further said, " * * * that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

This Court holds that the admission of the statement of an alleged co-criminal implicating petitioner was not harmless error. A careful reading of the record in this case discloses that the only other evidence offered against petitioner was the eyewitness testimony of four persons. There is no question in this case of the inadmissible evidence being cumulative. *Cf.* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Nor does this Court consider the untainted evidence so overwhelming that the denial of the right of confrontation can be con-

sidered harmless beyond a reasonable doubt.

Whereupon, the Court determines that petitioner's application for a writ of habeas corpus is meritorious and therefore the relief requested in the writ is hereby granted.

Accordingly, it is ordered that the petitioner be and he hereby is remanded to the Common Pleas Court of Franklin County for such further proceedings as may be deemed necessary and proper in accordance with law.

It is further ordered that if no action be taken by the State of Ohio or the County of Franklin within sixty (60) days after the filing of this Order, petitioner's release shall be final and unconditional.