**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN FARROW and JEROME WADE,
on their behalf, and on behalf of others
similarly situated,

                  Plaintiffs - Appellants,

v.

ROBIN LIPETZKY, Contra Costa County
Public Defender,

                  Defendant - Appellee.

No. 13-16781

D.C. No. 3:12-cv-06495-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

   John Farrow and Jerome Wade appeal the district court's grant of Robin

Lipetzky's motion to dismiss their putative class-action complaint. Plaintiffs

allege that defendant "arbitrarily withheld legal representation to indigent, in-

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

custody, criminal defendants in felony [and misdemeanor] matters for a period of 5 to 13 days after their initial Court appearance, and sometimes longer, as a matter of policy," thereby violating their constitutional rights to counsel, due process, and equal protection. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further consideration.[1]

1. The district court did not err in dismissing plaintiffs' due process claims. "[S]tate statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." *Carlo v. City of Chino*, 105 F.3d 493, 497 (9th Cir. 1997) (citation omitted). Plaintiffs rely on California Penal Code § 859b, which provides that a defendant is entitled to a preliminary examination "within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later." However, the complaint alleges that Lipetzky delayed plaintiffs' arraignments and pleas, not that the preliminary examination occurred more than 10 days later. Without an underlying violation of

---

[1] Lipetzky argues that because Wade declined to file a third amended complaint, his claims were dismissed for failure to comply with a court order under Federal Rule of Civil Procedure 41 rather than for failure to state a claim under Rule 12(b)(6). However, the district court never invoked Rule 41 in dismissing the complaint. Instead, the court relied on Rule 12(b)(6), "permitted" Wade "one more opportunity to amend" his Sixth Amendment claim, and closed the case when Wade's time to do so expired. We therefore treat the dismissal of both Farrow's and Wade's claims as pursuant to Rule 12(b)(6).

2

California's speedy trial scheme, plaintiffs have not adequately pleaded a due process claim.

2. Nor did the district court err in dismissing plaintiffs' equal protection claim. That the assistance of counsel at the initial appearance "might be of benefit to an indigent defendant does not mean that the service is constitutionally required." *Ross v. Moffitt*, 417 U.S. 600, 616 (1974). Because indigent defendants in Contra Costa County retain "an adequate opportunity to present their claims fairly within the adversary system," Lipetzky's policy does not violate the Equal Protection Clause. *Id.* at 612; *see also Halbert v. Michigan*, 545 U.S. 605, 610–11 (2005); *Johnson v. Oklahoma*, 484 U.S. 878, 879–80 (1987).

3. The district court did err in dismissing plaintiffs' Sixth Amendment claim. The Sixth Amendment requires that counsel "be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Rothgery v. Gillespie County*, 554 U.S. 191, 212 (2008). The complaint alleges that Lipetzky deprived Wade of counsel for seven days after his initial appearance, deprived Farrow of counsel for thirteen days after his initial appearance, and sometimes withheld counsel from indigent defendants for periods exceeding thirteen days.

3

The right to counsel "attache[d] at the [defendant's] initial appearance," when "the magistrate inform[ed] the defendant of the charge[s]" against him and "determine[d] the conditions for pretrial release." *Rothgery*, 554 U.S. at 199 (citation omitted). However, the "question whether [an initial appearance] signals the initiation of adversary judicial proceedings . . . is distinct from the question whether the [initial appearance] itself is a critical stage requiring the presence of counsel." *Id.* at 212 (omission in original) (quoting *Michigan v. Jackson*, 475 U.S. 625, 630 n.3 (1986)). On the facts alleged in the complaint, the initial appearance was not a critical stage. *See Gerstein v. Pugh*, 420 U.S. 103, 122–23 (1975); *United States v. Perez*, 776 F.2d 797, 800 (9th Cir. 1985), *overruled on other grounds by United States v. Cabaccang*, 332 F.3d 622 (9th Cir. 2003). The hearing did not "test[] the merits of the accused's case"; "skilled counsel" was not necessary to "help[] the accused understand" the proceedings; and there was no risk that an uncounseled defendant would permanently forfeit "significant rights." *United States v. Benford*, 574 F.3d 1228, 1232 (9th Cir. 2009) (citation omitted). Nor did the preliminary bail determination made at the initial appearance render that hearing a critical stage. *See Rothgery*, 554 U.S. at 195, 212; *Gerstein*, 420 U.S. at 120–23.

The "further arraignment," by contrast, was plainly a critical stage because the plaintiffs entered pleas at that hearing. *See White v. Maryland*, 373 U.S. 59, 60 (1963). It is undisputed that the plaintiffs were therefore entitled to—and received—legal representation at their "further arraignments."

The remaining question is whether Lipetzky appointed counsel within a "reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Rothgery*, 554 U.S. at 212. In other words, how soon after the Sixth Amendment right attaches must counsel be appointed, and at what point does delay become constitutionally significant? Instead of addressing whether the delay in appointing counsel was unreasonable, the district court considered only whether the delay "impacted [plaintiff's] representation at subsequent critical stages of his proceedings." By framing the question in that way, the district court erroneously required the plaintiffs to allege actual prejudice. *See United States v. Wade*, 388 U.S. 218, 225, 236–37 (1967) (finding a Sixth Amendment violation based on the "grave potential for prejudice"); *Hamilton v. Alabama*, 368 U.S. 52, 54 (1961) (finding a Sixth Amendment violation where the absence of counsel "may affect the whole trial"). We therefore remand for the district court to consider whether appointing counsel

5

five to thirteen days and "sometimes longer" after the right attaches complies with the "reasonable time" requirement articulated in *Rothgery*.

4. After dismissing all of plaintiffs' federal law claims, the district court declined to exercise supplemental jurisdiction over their state law claims. Because we reverse the dismissal of plaintiffs' Sixth Amendment claim, we also reverse the dismissal of plaintiffs' state law claims.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**