

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN FARROW, on his behalf, and on
behalf of all others similarly situated;
JEROME WADE, on their behalf, and on
behalf of others similarly situated,

       Plaintiffs-Appellants,

 v.

CONTRA COSTA COUNTY,

       Defendant-Appellee,

 and

ROBIN LIPETZKY, Contra Costa County
Public Defender,

       Defendant.

No.   19-15152

D.C. No. 3:12-cv-06495-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 26, 2020[]
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

Appellants John Farrow and Jerome Wade appeal from the district court's order granting Contra Costa County's motion for summary judgment in a § 1983 action alleging Sixth Amendment violations based on the failure to provide counsel.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

**1.** The district court dismissed the plaintiffs' § 1983 claim premised on a Sixth Amendment violation for failure to provide counsel at a critical stage because the court determined it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiffs waive their challenge to this ruling by not arguing this issue in their opening brief.  *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138-39 (9th Cir. 2019).

**2.** Whether framed as a policy or practice, the plaintiffs do not establish the district court erred by ruling that there was insufficient evidence the County violated the Sixth Amendment rights of criminal defendants by failing to provide counsel "within a 'reasonable time after attachment to allow for adequate

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]  Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

representation at any critical stage before trial.'" *Farrow v. Lipetzky*, 637 F. App'x 986, 988 (9th Cir. 2016) (quoting *Rothgery v. Gillespie County*, 554 U.S. 191, 212 (2008)). The plaintiffs also do not challenge the district court's ruling that they did not show they suffered a Sixth Amendment violation based on their own experiences with delayed provision of counsel. *See generally Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019).

**3.** The plaintiffs separately challenge the district court's exclusion of expert evidence at summary judgment pursuant to Federal Rule of Evidence 702, but they do not establish that the court abused its discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997).

**AFFIRMED.**